UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**JOSEPH C.,**

    **Plaintiff,**

v.

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 2:20-cv-1166
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Joseph C. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's application.[1] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court affirms the Commissioner's decision.

**I.    PROCEDURAL HISTORY**

On April 28, 2016, Plaintiff filed an application for benefits, alleging that he has been disabled since January 1, 2016. R. 67, 81, 167–68. The application was denied initially and upon reconsideration. R. 99–104, 106–08. Plaintiff sought a *de novo* hearing before an administrative

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

law judge. R. 109–10. Administrative Law Judge Dennis O'Leary ("ALJ") held a hearing on October 4, 2018, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 36–63. In a decision dated November 27, 2018, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from January 1, 2016, the alleged disability onset date, through the date of that decision. R. 15–28. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on December 16, 2019. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On October 26, 2020, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 15.[2] On that same day, the case was reassigned to the undersigned. ECF No. 16. The matter is now ripe for disposition.

## II.    LEGAL STANDARD

### A.    Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*,

---

[2] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018). Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is

3

overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

4

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See, e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

    **B.**    **Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the

Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. If the plaintiff cannot perform his past relevant work, then the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in

the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

**III.     ALJ DECISION AND APPELLATE ISSUES**

Plaintiff was 55 years, 11 months old on his alleged disability onset date. R. 68. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. R. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between January 1, 2016, his alleged disability onset date, and the date of the decision. R. 17–18. The ALJ specifically noted that Plaintiff worked after the alleged disability onset date but that this work did not rise to the level of substantial gainful activity, reasoning as follows:

> The claimant worked after the alleged disability onset date but this work activity did not rise to the level of substantial gainful activity (SGA). The record indicates that the claimant had wage earnings in the amount of 5003.74 from Western Wyoming Community College and Saint Miriam Aacademy [sic] in 2016 and wage earnings in the amount of $7623.00 from Western Wyoming Community College in 2017 (Exhibit 5D at 6 and Exhibit 6D at 1). The claimant testified that he is currently teaching undergraduate online courses as a professor from home. He also testified that he currently holds a weekly religious service as a minister but he does not accept payment because he took a vow of poverty. The documented wage earnings were below the annual SGA threshold amount in 2016 and 2017 and the undersigned finds that this work was not SGA. However, the undersigned finds that the claimant's work as a religious minister may be SGA based on the premise that a claimant cannot turn work that would otherwise qualify as SGA into non-SGA simple by declining the paycheck. It is noted that the Social Security Administration Disability Program evaluates volunteer or unpaid work under a specific criteria [sic] for SGA. Nevertheless, the undersigned has proceeded through the sequential evaluation analysis for the claimant's alleged impairments and as discussed below, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act.

*Id*.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes, coronary artery disease, ulcerative colitis, spondylosis of the lumbar spine, and spondylosis of the cervical spine. R. 18–20. The ALJ also found that Plaintiff's hyperlipidemia, hypertension, anxiety disorder, and depressive disorder were not severe. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 20–22.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 22–27. The ALJ found that this RFC did not preclude the performance of Plaintiff's past relevant work as a college professor. R. 27–28. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from January 1, 2016, his alleged disability onset date, through the date of the decision. R. 28.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision of the Commissioner be reversed and remanded for further proceedings. *Plaintiff's Brief,* ECF No. 12; *Plaintiff's Reply Brief*, ECF No. 18. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 17.

## IV. DISCUSSION

Plaintiff contends that the ALJ erred at step four of the sequential evaluation process when he found that Plaintiff could, despite his impairments, perform his past relevant work as a college professor; Plaintiff specifically argues that the vocational expert's testimony establishes that Plaintiff's past relevant work was not that of a college professor but was instead a composite

8

job of college professor and correspondence school teacher. *Plaintiff's Brief*, ECF No. 12; *Plaintiff's Reply Brief*, ECF No. 18. Because the vocational expert never testified that Plaintiff was capable of performing this composite job, Plaintiff goes on to argue, the ALJ's finding at step four was not supported by substantial evidence. *Id*. Plaintiff's arguments are not well taken.

At step four, "[t]he claimant bears the burden of demonstrating an inability to return to [his] past relevant work." *Plummer*, 186 F.3d at 428. "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). An ALJ must determine whether the claimant has the RFC to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). In making this determination,

> (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Garibay v. Comm'r of Soc. Sec.*, 336 F. App'x 152, 158 (3d Cir. 2009) (quoting *Burnett,* 220 F.3d at 120). An ALJ should determine whether "the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it" or whether "the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy." SSR 82-61. In connection with this latter consideration, "if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job, but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'" *Id*.

9

In making this determination, an ALJ must consider, *inter alia*, the claimant's own statements about past work:

> The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work. Determination of the claimant's ability to do [past relevant work] requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.

SSR 82-62; *see also Garibay*, 336 F. App'x at 158 (stating that, when considering whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers, "the ALJ may rely on job descriptions found in the Dictionary of Occupational Titles ("DOT")").

"The DOT lists a specific vocational preparation (SVP) time for each described occupation." *Thomas v. Comm'r of Soc. Sec.*, 2019 WL 3562691, at *7 n.8 (D.N.J. Aug. 6, 2019). "SVP" refers to the amount of time required by a typical worker to learn how to perform a specific job." *Jones v. Astrue*, 570 F. Supp. 2d 708, 716 n.5 (E.D. Pa. 2007), *aff'd sub nom. Jones v. Comm'r of Soc. Sec.*, 275 F. App'x 166 (3d Cir. 2008). "Using the skill level definitions in 20 C.F.R. § 404.1568, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT." *Thomas*, 2019 WL 3562691, at *7 n.8. A job with an SVP of 6 requires more than one year and up to two years to learn. DOT, App. C.

Here, the ALJ, relying on the vocational expert's hearing testimony, determined that Plaintiff was capable of performing his past relevant work as a college professor, reasoning as follows:

> The vocational expert testified that the clamant has past work as a:
>
> College Professor, skilled (Specific Vocational Preparation (SVP)-8) work; performed at the sedentary exertional level, Dictionary of Occupational Titles (DOT) code 090.227-010.
>
> Clergyman, skilled (SVP)-8) work; performed at the light exertional level, DOT code 120 .107- 010.
>
> Safety Director for Government Agency, skilled (SVP)-8) work; performed at the medium exertional level, DOT code 187.167-214.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of her [sic] past relevant work, the undersigned finds that the claimant is able to perform the job of a college professor as it was and is actually performed by him. The vocational expert testified that given the claimant's residual functional capacity, he could perform the occupation of a college professor as it was and is actually performed by him. It is noted that the vocational expert stated that the entire of the claimant's past relevant work was at the light exertional as per the DOT. However, the vocational expert testified that the college professor occupation was actually performed at the sedentary exertional level since the teaching were [sic] done online via the internet. The vocational expert further testified that the DOT was written before the position of online college professor existed and therefore that job is not listed in the DOT. Therefore, pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles and with the Social Security Administrations rules and regulations. In accordance with the vocational expert's testimony, the undersigned finds that the claimant is able to perform his past relevant work as a college professor as it is and was actually performed.

R. 28. The ALJ went on to find that Plaintiff was not under a disability from January 1, 2016, his alleged disability onset date, through the date of the decision. R. 28.

Plaintiff challenges this finding, arguing that the vocational expert's testimony does not definitively establish that Plaintiff's past work was properly characterized as college professor and that the vocational expert's testimony reflects that his past work is also similar to that of a

correspondence school teacher. *Plaintiff's Brief*, ECF No. 12 (citing, *inter alia*, R. 56–58); *Plaintiff's Reply Brief*, ECF No. 18. Plaintiff goes on to argue that this vocational testimony establishes that his past relevant work was a composite job, which incorporates elements of college professor and correspondence school teacher. *Id*. Plaintiff insists that the vocational expert never testified that Plaintiff was capable of performing the duties in each of these positions that make up the composite job, including the duties of college professor that, according to Plaintiff's work history report, required him to stand and walk for five hours per day. *Id*. Because the ALJ found an RFC[3] for only sedentary work and because the vocational expert's testimony establishes that Plaintiff cannot perform light or medium work, Plaintiff argues that Rule 202.06[4] of the Medical-Vocational Grid is applicable and would direct a finding of disabled. *Id*. In short, Plaintiff contends that the ALJ's finding that Plaintiff can his perform past relevant work is not supported by substantial evidence. *Id*. Plaintiff's arguments are not well taken.

"[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case." SSR 82-61. "'To establish that a claimant maintains the RFC to

---

[3] The ALJ found that Plaintiff had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) except this individual would need to work at a job where he would have proximity to a toilet. This individual could not work around heights or heavy machinery." R. 22. Plaintiff does not challenge the ALJ's RFC determination. *See generally Plaintiff's Brief*, ECF No. 12; *Plaintiff's Reply Brief*, ECF No. 18.

[4] The Medical Vocational guidelines, also known as the "Grids," "are 'rules' which are used to direct conclusions of 'disabled' or 'not disabled' based on a claimant's vocational factors (age, education, and work experience) and exertional RFC (sedentary, light, medium, heavy or very heavy)." *Martin v. Barnhart*, 240 F. App'x 941, 944 (3d Cir. 2007) (citations omitted). Grid Rule 202.06 directs a finding of disabled for a claimant who is limited to light work, advanced age, a high school graduate or more, and skilled or semi-skilled nontransferable prior work experience. 20 C.F.R. Pt. 404, subpt. P, App. 2, § 202.06.

perform past relevant work in a composite job, the evidence must establish that the claimant can perform each job within a composite job, whether as actually performed or as generally performed in the national economy.'" *Bear v. Saul*, No. 3:19-CV-01414, 2020 WL 4924540, at *6 (M.D. Pa. Aug. 21, 2020) (quoting *Boggs v. Colvin*, 2014 WL 1277882, at *10 (M.D. Pa. 2014)). "An ALJ may not 'divide a composite job into two jobs and find the claimant capable of performing past relevant work based on the less demanding of the two jobs.'" *Id*. (quoting *Boggs*, 2014 WL 1277882, at *10).

> Here, the vocational expert was asked to outline Plaintiff's vocational profile:
>
> A I will, your honor. First one I have is as a Professor - - College Professor -- DOT number is 090.227-010. It is an SVP of eight, and it is defined in the light exertional level, and performed at the same.
>
> Q Let me ask you - - I had - - because I have a question on that. And I realize that the DOT was written probably before this became a relatively common thing; is there a distinction made before a college professor who teaches at a college, and a college professor who teaches online?
>
> A The one that is on -- that is in the DOT, actually is not a college -- I don't think it's a college professor. Let me look it up, your honor. It's a teacher, but it comes up as, like, correspondence school [phonetic].
>
> Q Oh, okay. I realize when they wrote the DOT, there was no such animal.
>
> A No. Right. You're right. I guess I could put it as -I mean, he's not leaving the house right now, so I'd say it is at a sedentary level.
>
> Q Yeah, I just I was just curious. When he was mentioning it, I was just curious if a distinction was made.
>
> A Yeah, the DOT was last updated in 1991.

R. 56. The ALJ went on to ask the ALJ about the correspondence school position:

> A Do you want the one that's the correspondence school?
>
> Q Yeah, well that sounds sort of close, so why don't we do that one, too? Yup.
>
> A All right. Let me find it, judge. Give me a second.

>Q Sure, take your time. There's so many jobs that fall into that category -- they just didn't exist, you know?
>
>ATTY: True.
>
>CLMT: Yeah.
>
>ALJ: 20, 30 years ago. They didn't exist five years ago.
>
>VE: Let me try again.
>
>ALJ: Take all the time you want to – we're not going anywhere.
>
>VE: It always comes up when I do transferable skills. Now it's not coming up.
>
>ALJ: Well, you know what we can do, rather than put you on the spot like that -- maybe if -- take some time, and if you could maybe just get that to me at some point -- I've already asked the question, so it's been proffered [phonetic] to the – and whatever it is, we'll just add that to the record.
>
>VE: I'm sorry, judge, I couldn't quite understand what you're saying.
>
>ALJ: I'm saying you can -- when you have time, look it up later on. I know I brought it -- I, kind of, blindsided you with that one. If you just look—
>
>VE: Okay, your honor. I can't find it.
>
>ALJ: Okay.
>
>VE: The only one that I can find is in belevent [phonetic] dictation. It's not under teacher; maybe it's under instructor.
>
>ALJ: Okay. I mean, rather than just have you -- you know, scrambling around looking for it, if you could just get that back to me at some later point –
>
>VE: Okay. It would still be -- it would probably still be an SVP of eight, it would just be defined at a sedentary level.
>
>ALJ: Sedentary, that sounds about right.

R. 57–58. The vocational expert further testified that Plaintiff's vocational background included Clergyman, DOT number 120.107-010, SVP 8, defined as light exertional and performed by Plaintiff at that level, and Safety Director, DOT number 187-167.214, SVP 8, defined as medium

14

exertional but performed by Plaintiff at the light exertional level. R. 58–59. When the ALJ then asked the vocational expert whether a hypothetical person with the RFC ultimately found by the ALJ would be able to perform Plaintiff's past relevant work, the vocational expert responded as follows:

> A Well, all of the prior work would exceed the exertional limitation, as defined in the DOT. So, it would be eliminated based on that. Obviously, the teacher – the professor is being performed at a sedentary exertional level.
>
> Q Right.
>
> A So, that's the only -- proximity to a toilet, I believe the OSHA regulations are such [phonetic] that there needs to be proximity to a toilet.
>
> Q Right.
>
> A The three jobs -- two of them certainly would not have proximity -- or at least immediate proximity currently [phonetic] Clergyman or the Safety Director, because he's doing ride-alongs, so he was obviously in a school bus.
>
> Q Right. Okay, thank you.
>
> A It would be eliminated based on that, as well.

R. 60.  In his decision, the ALJ relied on the vocational expert's testimony to find that Plaintiff 's RFC permitted the performance of his past relevant work as a college professor. R. 28.

Plaintiff contends that the vocational expert actually changed her initial testimony that Plaintiff's past relevant work included that of a college professor and was ultimately unable to provide a DOT number for Plaintiff's past relevant work teaching. This Court disagrees. A fair reading of the vocational expert's testimony establishes that the vocational expert distinguished between college professor as defined in the DOT as light and the position of college professor as actually performed by Plaintiff as sedentary. R. 56, 60. This testimony also demonstrates that a hypothetical individual with Plaintiff's RFC could perform the job of college professor as actually performed at the sedentary level. R. 60. Notably, Plaintiff identifies no duties of college

professor performed at the sedentary level that he is unable to perform. *See generally Plaintiff's Brief*, ECF No. 12; *Plaintiff's Reply Brief*, ECF No. 18. Therefore, the ALJ's decision that identified Plaintiff's past relevant work as, *inter alia*, college professor "performed at the sedentary exertional level" and that Plaintiff's RFC permitted Plaintiff to perform this past relevant work reflects a fair reading of the vocational expert's testimony. R. 28, 56, 60.

Finally, Plaintiff's argument that the vocational expert's testimony establishes that Plaintiff's past relevant work was a composite job, consisting of both the duties of college professor and those of correspondence school teacher is unavailing. As a preliminary matter, the vocational expert did not testify that Plaintiff's past relevant work is a composite job. *See* R. 55–63. Moreover, as the Acting Commissioner points out, *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 17, p. 7, Plaintiff identifies no elements of these two occupations that convert his past relevant work into a composite job. *See generally Plaintiff's Brief*, ECF No. 12; *Plaintiff's Reply Brief*, ECF No. 18. To the extent that Plaintiff argues that his past relevant work constituted a composite job, that argument is not based on the record evidence and cannot serve as a basis for remand of this action. *See Schwartz v. Berryhill*, No. CV 17-854, 2018 WL 3575046, at *6–7 (W.D. Pa. July 25, 2018) (stating that the claimant has the burden "at the fourth step of the sequential analysis to prove that she cannot return to her past relevant work[,]" noting that the vocational expert did not identify the claimant's work as a composite job and there was no evidence the claimant performed duties that included significant elements of both jobs, and concluding that the claimant had not satisfied her burden).

For these reasons, this Court concludes that substantial evidence supports the ALJ's finding that Plaintiff was able to perform his past relevant work as a college professor.

V.  **CONCLUSION**

The Court therefore **AFFIRMS** the Commissioner's decision.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  September 23, 2021                             *s/Norah McCann King*
                                                       NORAH McCANN KING
                                              UNITED STATES MAGISTRATE JUDGE